**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

PUERTO RICAN AMERICAN
INSURANCE CO., et al.
    Plaintiffs
               v.                                              **Civil No. 01-1186(SEC)**
CARLOS H. BURGOS-DIAZ, et al.
    Defendants

**O R D E R**

| MOTION | RULING |
|---|---|
| **Defendants' Oral Motion To Bar Conferences Between Attorney and Client**<br><br>**Docket # 825 Memorandum of Law in Opposition to Defendants' Motion To Bar Conferences Between Attorney and Client**<br><br>**Docket # 827 Objection to Plaintiffs' Memorandum of Law Regarding Conferences with Counsel During Depositions**<br><br>**Docket # 834 Supplemental Motion** | **GRANTED in part and DENIED in part**. The issues before the Court are the following: (i) whether a deponent may consult or seek legal advice from his attorney **during the course** of his deposition; (ii) whether a deponent may consult with his attorney **during a break** in a deposition and as to matters pertaining to his testimony in the deposition; and (iii) whether a deponent may consult or seek legal advice from his attorney during a break in his deposition but as to matters not directly related to the testimony to be offered during the deposition.<br>    Foremost, we note that even though the Judge is not present at depositions, these should proceed as do testimonies at trial. Phinney v. Paulshock, 181 F.R.D. 185, 206 (D.N.H. 1998), Odone v. Croda Internat'l PLC, 170 F.R.D. 66, 67 (D.D.C. 1997). As such, it is evident that an attorney conducting a deposition is entitled to truthful answers without continuous or excessive interruptions from opposing counsel. However, it is also obvious that an absolute ban on attorney-client consultations, even during a break in a deposition, is unwarranted.<br>    Our Case Management Order is clear on these issues and absent binding precedent to the contrary we refuse to depart from our own guidelines. Thus, we hold that (i) witness coaching is precluded and (ii) private off-the record conferences during a deposition or during breaks in the deposition pertaining to the witness' testimony under oath, that is, pending questions, future answers, reviewing documents to be discussed during the deposition, are prohibited. However, we stress that this does not preclude counsel from preparing his client for an upcoming deposition nor do we intend to limit attorney-client consultation as to other matters of the case.<br>    Lastly, in order to avoid further delays and need for Court intervention we take this opportunity to give the parties further guidelines for the remaining depositions in this case: (1) the parties should agree, prior to the initiation of a deposition, to the breaks that will be taken by both parties and (2) counsel should abstain from taking unscheduled breaks during the depositions unless it becomes absolutely necessary. At this time, absent any evidence of improper behavior by any of the parties in this matter, no further determinations are necessary. |

2

| MOTION | RULING |
|---|---|
| **Plaintiffs' Oral Motion Requesting that the Court allow them time to File a Supplemental Brief on the Issue** | **MOOT**. See Ruling on Dockets ## 825, 827 & 834. |

DATE:   May 26, 2005

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge