UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICAN AMERICAN
INSURANCE CO., et al.
    Plaintiffs

        v.                      **Civil No. 01-1186(SEC)**

CARLOS H. BURGOS-DIAZ, et al.
    Defendants

**O R D E R**

| MOTION | RULING |
|---|---|
| **Docket # 730 Motion for Reconsideration of Court's Opinion and Order Denying Motion to Dismiss** | **DENIED.** Before the Court is Co-defendants Rafael Rivera-Vázquez's, Isabel C. Hurtado's, the Rivera-Hurtado Conjugal Partnership's, Elmer León-Caballero's, Michelle Tirado-Serrano's, the León-Tirado Conjugal Partnership's and Rafael E. Rivera-Sánchez's (herein collectively referred to as "Defendants") motion for reconsideration of the Court's Opinion and Order of September 30, 2004 (Docket # 727) denying the dismissal of Plaintiffs' claims against them. To date, Plaintiffs have not opposed Defendants' request. However, for the reasons set herein, Defendants' motion will be **DENIED**.<br><br>    Under F.R.Civ.P. 59(e), a party may ask the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." Colón v. Fraticelli, 181 F. Supp. 2d 48, 50 (D.P.R. 2002) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997). As such, Rule 59(e) "is aimed at reconsideration, [and] not initial consideration, and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not." Berríos-Berríos v. Puerto Rico, 205 F. Supp. 2d 1, 2 (D.P.R. 2002)(citing Jorge Rivera-Surillo & Co., Inc. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)(internal quotations omitted)). Furthermore, "a motion for reconsideration may not be used by [a] losing party . . . to repeat old arguments previously considered and rejected by the Court." Id. (citing Standard Química de Venezuela, C.A. v. Central Hispano Int'l, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999) (citing Nat'l Metal Finishing Com. v. Barclays Am./Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990) (internal quotations omitted)).<br><br>    In their motion for reconsideration, Defendants have raised two (2) central arguments. Namely, (1) that Plaintiffs' failed to plead each of Defendants' participation in the alleged fraudulent scheme and (2) that the Court failed to address certain arguments raised by Defendants in their motions to dismiss (e.g. the existence of an enterprise and the alleged predicate acts). Basically, Defendants have taken this opportunity to rehash their previous arguments and presumed that because the Court **rejected** their arguments that it simply must have "ignored" them. The Court already **considered and rejected both arguments**, finding that both the Second Amended Complaint and the Second Amended RICO Case Statement pled with sufficient particularity Defendants' involvement in the alleged fraud scheme and that as such, Plaintiffs had met the threshold to survive a motion to dismiss. Thus, Defendants' motion is tantamount to a second bite at the apple; therefore, it is **DENIED**. |

| MOTION | RULING |
|---|---|
| **Docket # 558 Objection to Plaintiff's Second Amended RICO Case Statement . . .** | **DENIED**. Defendants have filed an objection to Plaintiffs' Second Amended RICO Case Statement and have asked the Court to dismiss Plaintiffs' claims for their failure to comply with the Court's RICO Standing Order of March 15, 1996 (Docket # 558). Plaintiffs have opposed said motion (Docket # 573). In short, Defendants have used this vehicle to restate (once again) the arguments advanced in their previous motion to dismiss and motion for reconsideration in favor of dismissal of Plaintiffs' RICO claims. Defendants further allege that Plaintiffs have failed to properly follow the format suggested by the Court in outlining their RICO allegations. We disagree.<br><br>In the first place, the Court notes that it has once before evaluated the sufficiency of Plaintiffs' Second Amended RICO Case Statement in its Opinion and Order of September 30, 2004 and discussed in detail the sufficiency of the pleadings set therein (Docket # 727). Secondly, a cursory review of Plaintiffs' Second Amended RICO Case Statement reveals that Plaintiffs have fully complied with all the sections specified in the RICO Standing Order. In fact, it is evident that Plaintiffs have gone through great pains to describe in detail the alleged fraudulent acts committed by each and every Defendant. That is, the name of the policyholder, the vehicle insured, the license plate, policy number, date of claim, claim number, additional vehicles, checks issued, name of the payee, etc. (Docket # 532). We need say no more. Defendants' motion is **DENIED**. |

DATE:   August 19, 2005

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge