## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

PUERTO RICAN AMERICAN        *
INSURANCE COMPANY,          *
et al.                                *
                                    *
       Plaintiffs            *
                                    *
v.                                *      **Civil No. 01-1186(SEC)**
                                    *
CARLOS H. BURGOS-DIAZ, et al.    *
                                    *
       Defendants          *
*********************************

## OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Dismiss the counterclaim made by Co-defendants Luis Lozada Rodríguez (Mr. Lozada), his wife Mireya Díaz (Mrs. Díaz) and the Conjugal Partnership between them (collectively referred to hereinafter as the Lozadas) (Docket # 962) and the opposition thereto (Docket # 1017). After reviewing the filings and the applicable law, Plaintiffs' Motion to dismiss Co-defendants' counterclaim will be **GRANTED**.

### Factual and procedural Background:

The instant case is a RICO action arising under Section 1962 © and (d) of the RICO Act, 18 U.S.C. § 1962, seeking recovery for damages inflicted on Plaintiffs (hereinafter the Insurance Companies or Plaintiffs) by Defendants' alleged continuous illegal and fraudulent actions. Plaintiffs have specifically alleged that Defendants participated in a fraudulent scheme against them consisting of a series of carefully orchestrated and synchronized transactions, illegally representing false claims under automobile insurance policies issued by the Insurance Companies for fictitious accidents involving bogus or non-existent damages.

On July 19, 2002, the Lozadas filed a counterclaim against the Insurance Companies alleging that "as a result of the false allegations raised by the complaint against [them] they have suffered mental distress as their reputation has been tarnished" and have been

**Civil No. 01-1186(SEC)**                                                                 2
_____

unjustifiably forced to incur in legal expenses. Docket # 242, p. 13 ¶ 7-8. They further contend that, as a result of Plaintiffs filing the present complaint, Mr. Lozada was cited to an administrative hearing at the Puerto Rico Insurance Commissioner for the alleged violation of several articles under the Puerto Rico Insurance Code that could subject him to fines, imprisonment and license cancellation. Mr. Lozada also complains that the local press published his name as part of the fraudulent scheme complained of in this case, damaging his good name and reputation. Finally, the Lozadas contend that the damage inflicted on Mr. Lozada's reputation by the instant complaint caused him to lose his job with Universal Insurance Co. (Co-plaintiff in this case), has made him unable to obtain a new job in the insurance industry, and has caused Mrs. Díaz severe mental anguish. Therefore, the Lozadas ask the Court to order Plaintiffs to pay them no less than $375,000 for all the damages caused to them by the instant complaint, plus $10,000 in attorney's fees.[1]

The Lozadas' counterclaim did not specify the legal theory under which they sought redress. The Insurance Companies argue that the Lozadas' counterclaim essentially sets forth a purported claim for malicious prosecution that cannot prevail under the set of facts alleged by the Lozadas in support of their claim. We agree. Let's see.

**Standard of Review:**

Plaintiffs ask the Court to dismiss the Lozadas' counterclaim because it "does not set forth facts sufficient to sustain [their] cause of action". Docket # 962, p. 3. Therefore, it should be addressed as a motion under FED.R.CIV.P.12(b)(6). In assessing whether dismissal for failure to state a claim is appropriate under said rule, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins.

_____

[1]See, Docket # 242, pp. 12-13, ¶¶ 3-8.

Civil No. 01-1186(SEC)                                                                                    3
_____

Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also, Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 52 (1st Cir. 1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory").

Therefore, in order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Romero-Barceló v. Hernández-Agosto, 75 F. 3d 23, 28 (1st Cir. 1996)(citations omitted). In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996); see also, Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Courts, moreover, "will not accept a complainant's unsupported conclusions or interpretations of law." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

**Applicable Law and Analysis:**

The Lozadas' counterclaim, although not in so many words, sets forth a claim for malicious prosecution. In Jiménez Alvarez v. Silen Maldonado, 131 D.P.R. 91 (1992)(hereinafter Silen), the Plaintiff asked the court to void certain legal transactions and deeds and defendant countersued alleging that "he was harmed by the charges of criminal conduct attributed to him... in the complaint, because such pleadings are defamatory, false, libelous, and... negligently made." Id., at p. 95. The Counter claimant requested monetary damages in the amount of $1,000,000 for the damage caused to his profession as a result of

_____

the allegations made in the complaint. The Puerto Rico Supreme Court framed the counter

claimant's allegations in <u>Silen</u> as a case for malicious prosecution and a cause of action in

libel. Because the allegations in the Lozadas' counterclaim are parallel[2] to those raised by the

counter claimant in <u>Silen</u>, we analyze whether their counterclaim sets forth factual allegations

respecting each material element necessary to sustain the malicious prosecution case or a

cause of action in libel, in light of the Puerto Rico Supreme Court's holding in <u>Silen</u>.

*Malicious prosecution*

The Puerto Rico Supreme Court in <u>Silen</u> affirmed the Superior Court's dismissal of

the counterclaim stating that

> "in general terms, Puerto Rican law does not acknowledge the existence of a
> civil action for damages as a consequence of a civil suit. **Absent an express
> provision granting a cause of action**, the judicial penalty for the improper use
> of legal proceedings is found in the imposition of costs and attorney's fees...".
> <u>Id</u>., at p. 97.(citations omitted)(our emphasis).

Nonetheless, an exception to this rule applies when the following requisites are met: (1) a

civil action was instituted (2) maliciously and without probable cause**,** (3) the case ended

favorably to the plaintiff (defendant in the  initial civil action) and (4) the plaintiff alleging

malicious prosecution sustained damages thereby. <u>Id</u>., at p. 96. The Lozadas do not argue that

there is an express provision granting them a cause of action. Therefore, in order to survive

dismissal, the counterclaim must set forth sufficient facts to sustain each requirement of the

malicious prosecution doctrine as established in <u>Silen</u>.

The Lozadas pleaded that a complaint was instituted against them by Plaintiffs; this

satisfies the first requisite of the malicious prosecution doctrine. The Lozadas also argue that

---

[2]This is clear from the language contained in the Lozadas' counterclaim and in their opposition to the motion
to dismiss filed by Plaintiffs. <u>See</u>, Docket # 242, p. 12-13, ¶3,5- 7 (stating that the Lozadas suffered damages
"as a result of the false allegations raised by the complaint" which were made public in a local newspaper
damaging Mr. Lozada's reputation, making him unable to obtain a new job in the insurance industry and
causing the Lozadas mental anguish and lost earnings); <u>see also</u>, Docket # 1017, p. 5 (affirming that they
have sustained damages for Plaintiffs "[k]eeping this case alive"). These allegations mirror those made by
the counter claimant in <u>Silen</u>. <u>See</u>, <u>Silen</u>, 131 D.P.R. at p. 95.

_____

they have sustained damages as a result of the "false allegations raised by the complaint" (Docket # 242, p. 13, ¶ 7) complying with the fourth requisite of the malicious prosecution doctrine. But the Lozadas have presented no facts to sustain the second requisite of the doctrine, since they did not allege in their counterclaim that Plaintiffs instituted the complaint maliciously or without probable cause.

To overcome this hurdle, the Lozadas argue in their opposition to Plaintiffs' motion to dismiss that their counterclaim is not a case for malicious prosecution but an action under article 1802 of the Civil Code of Puerto Rico that only requires a showing of "**mere negligence**... for even the slightest fault is taken into account". Docket # 1017,  p. 3.(our emphasis). But this Court cannot disregard the requirements set by the Puerto Rico Supreme Court in cases for malicious prosecution merely because plaintiffs intend to disguise their counterclaim as something else. The Puerto Rico Supreme Court has been clear in that mere negligence is not enough to keep a case for malicious prosecution alive. See, Silen, 131 D.P.R. at p. 96. A showing of malicious intent or recklessness is necessary. See, Reyes-Cardona v. JC Penney & Co., Inc. 694 F. 2d 894, 897 (1st Cir. 1982)(stating that a showing of recklessness, bad faith, intent to cause harm, gross error, abuse of the right to bring a suit, or the like, is necessary to sustain a tort claim  based on the bringing of a prior civil lawsuit). The Lozadas have not pointed to either. On the contrary, they argue that the slightest fault is enough.

Furthermore, the captioned case has not ended favorably to the Lozadas for it is still pending. Therefore, the third element of the malicious prosecution doctrine, as spelled out in Silen, is also lacking. The Lozadas' counterclaim for malicious prosecution has not set forth sufficient facts to support each requirement of a malicious prosecution case and is hereby **DISMISSED WITHOUT PREJUDICE**.

**Civil No. 01-1186(SEC)**                                                                  6
_____

*Libel*

The Lozadas' counterclaim could also be read as including a libel claim. But this claim would be as unsuccessful as the malicious prosecution claim. The <u>Silen</u> Court stated that "a petition filed in the court is a privileged communication [that] cannot be deemed libel." <u>Silen</u>, 131 D.P.R. at p. 100. Under the Libel and Slander Act of Puerto Rico "[a] publication or communication shall not be held or deemed malicious when made in any legislative or judicial proceeding or in any other proceeding authorized by law." <u>Id</u>., at p. 99. The Puerto Rico Supreme Court further pointed out that a complaint is deemed a publication made in a judicial proceeding and "any statement pleaded therein shall not be deemed malicious for purposes of the libel action if it has a bearing on the issue in controversy." <u>Id</u>., at pp. 99-100. The Insurance Companies in the captioned case filed a complaint against the Lozadas that initiated a judicial proceeding. Therefore, all allegations made in the complaint by Plaintiffs, which are related to the main controversy (the RICO claim),[3] are privileged and cannot be held libelous.

Finally, the Lozadas argued in their opposition to the motion to dismiss before the Court, that their counterclaim was based in Plaintiffs' **actions outside the court**. They averred that Mr. Lozada lost his license as a result of Plaintiffs filing a complaint with the Office of the Insurance Commissioner, which "is not a part of the instant case." Docket # 1017, p. 2. But even if true, such fact is irrelevant, since an administrative complaint is a "proceeding authorized by law" which is also privileged under the Libel and Slander Act of Puerto Rico. <u>See</u>, <u>Silen</u>, 131 D.P.R. at p 100. Although the Lozadas argue that Plaintiffs "did not have any obligation under the Puerto Rico laws and regulations to file a complaint with the Insurance Commissioner", <u>id</u>. at p. 3, they certainly had a right to do so. Accordingly, all

_____

[3]In no part of their counterclaim did the Lozadas argue that the allegations made in the complaint, that purportedly injured them, were not related to the RICO case filed by Plaintiffs.

Civil No. 01-1186(SEC)                                                                      7
_____

allegations made in the complaint, judicial or administrative, are privileged and cannot be held libelous. The Lozadas' action in libel is hereby **DISMISSED WITH PREJUDICE**.

    The Court's holding does not mean that the Lozadas would have no remedy if their contentions prove to be true, for the "judicial penalty for the improper use of legal proceedings is found in the imposition of costs and attorney's fees...." Silen, 131 D.P.R., at p. 97.[4]

        **SO ORDERED.**
    In San Juan, Puerto Rico, this 29th day of November, 2006.

                                        S/ *Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
                                        United States District Judge

_____

[4]The Lozadas could also re-file the malicious prosecution claim if this case ends favorably to them, they meet all the other requirements of the doctrine, and plead them accordingly as set forth in this opinion.