**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| PUERTO RICO AMERICAN INSURANCE COMPANY, et als. | * * * |
| Plaintiffs | * * |
| v. | *   Civil No. 01-1186(SEC) |
| CARLOS H. BURGOS, et als. | * * * |
| Defendants | * |

**OPINION AND ORDER**

Pending before the Court is Co-defendant Lourdes Rosario-Román's motion for reconsideration (Docket # 1111) of the Court's partial judgment entered against her on August 1, 2006 (Docket # 1093). Said motion remains unopposed. Having reviewed Co-defendant Rosario-Román's (hereinafter Rosario-Román) motion and the applicable law, her motion is hereby **DENIED**.

**Factual and procedural background:**

More detailed backgrounds relating to Rosario-Román's participation in the acts alleged in the instant complaint can be found in our Opinion and Order of August 1, 2006 (Docket # 1092). On February 17, 2006, Plaintiffs in this action, various Insurance Companies (hereinafter "the Insurance Companies", filed a motion for summary judgment against Rosario-Román to recover damages suffered by them as a result of her alleged participation in a scheme to defraud the Insurance Companies, consisting of the filing of fraudulent insurance claims for non existent accidents involving bogus damages. Rosario-Román failed to oppose said motion and the Court ruled on it as unopposed. See, Docket # 1092, p. 1. The Court granted the Insurance Companies' motion for summary judgment against Rosario-Román, see, Docket # 1092, and on August 1, 2006, entered partial judgment against her in the amount of $50,850.00. See, Docket # 1093.

On August 14, 2006, Rosario-Román filed the instant motion seeking reconsideration of the Court's judgment pursuant to FED. R. CIV. P. 59(e) or 60(b).

**Civil No. 01-1186(SEC)** 2

**Standard of Review and Applicable Law and Analysis:**

Under F. R. Civ. P. 59(e), a party may ask the court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." Colón v. Fraticelli, 181 F. Supp. 2d 48, 50 (D.P.R. 2002) (citing, Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). As such, Rule 59(e) "is aimed at reconsideration, [and] not initial consideration, and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not." Berríos-Berríos v. Puerto Rico, 205 F. Supp. 2d 1, 2 (D.P.R. 2002)(citing, Jorge Rivera-Surillo & Co., Inc. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)).

Furthermore, a judgment may also be set aside through FED. R. CIV. P. 60(b) if certain requirements are met. FED. R. CIV. P. 60(b) §§ 1-5, allows the party against which judgment was entered to ask the Court to amend said judgment if certain circumstances are present. For example, a judgment, may be set aside if there was excusable neglect or mistake, or fraud. The rule also permits setting aside the judgment if it is void, there is newly discovered evidence or, it has been satisfied or released. Rosario-Román in her motion does not state, let alone argue, under what subsection of Rule 60(b) the relief sought by her is proper. Although FED. R CIV. P. 60(b)(6) provides a catchall provision under which the Court may entertain Rosario-Román's motion, relief under said rule is only reserved for "exceptional circumstances". Paul Revere Variable Annuity Inc. Co. v. Zang, 248 F. 3d 1, 5 (D. Mass. 2001)(hereinafter Revere). On Revere the First Circuit held that the "bar for such relief is set high because... there must be an end to litigation someday." Id. Furthermore, "the [d]istrict courts have 'broad discretion' to determine whether such circumstances exist." Id.

Rosario-Román argues in her motion that the Court erred in granting the Insurance Companies' motion for summary judgment against her because the Statement of Uncontested Facts (SUF) attached by the Insurance Companies to their motion did not provide sufficient evidence to support the contention that "[i]t was in fact Ms. Rosario who made the claims,

nor... [t]hat if it was her, they were fraudulent claims." Docket # 1111, p. 2. She asserts that the Court must not enter summary judgment if not properly supported by evidence even when the party against whom summary judgment is sought does not oppose said motion. Although we agree with Rosario-Román as to that part of her argument, it is premised on the wrong assumption, i.e., that the Insurance Companies did not properly support their motion for summary judgment. Let's see.

FED. R. CIV. P. 56(a) provides that: "[a] party seeking to recover upon a claim... may, at any time, after the expiration of 20 days from the commencement of the action... move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof." The Court may grant the movant's motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); NASCO, Inc. v. Pub. Storage, Inc., 29 F.3d 28 (1st Cir. 1994). "The principal judicial inquiry required by Rule 56 is whether a genuine issue of material fact exists." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2725. FED. R. CIV. P. 56(e) permits the movant to support a motion for summary judgment on affidavits if the affiants have personal knowledge of the facts included in the affidavit, if the statements included therein would be admissible in trial and the affiant would be a competent witness to testify during trial. See, Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2738.

The affidavit included as support of the Insurance Companies's SUF to their motion for summary judgment against Rosario-Román was subscribed by Agnes Martínez, Director of the Legal Division and the Compliance Division for Joint Underwriters Association (JUA), one of the plaintiffs in the instant action. See, Docket # 991, SUF p.1 & Exh. 1. There, she states,

under penalty of perjury, that she participated actively in the investigation of the claims submitted by Rosario-Román to JUA which turned out to be fraudulent. That fact was deemed admitted because Rosario-Román failed to file an opposition to the Insurance Companies' motion for summary judgment in accordance with Local Rule 56(e). Ms. Martínez' affidavit is sufficient to support the fact that she had personal knowledge of the filing of the claims related to Rosario-Román and their purported fraudulent nature. Furthermore, there is no evidence that Ms. Martínez would be incompetent to testify at trial. Finally, Rosario-Román does not point to any grounds under which Ms. Martínez' statements included in her affidavit would be inadmissible.

Since the Insurance Companies' motion for summary judgment against Rosario-Román complied with the standards required by FED. R. CIV. P. 56 and Rosario-Román does not point to any newly discovered evidence or material error of law that would warrant an amendment of the judgment entered against her under FED. R. CIV. P. 59(e), we believe that reconsideration of our previous opinion (Docket # 1092). Nor do we believe that Rosario-Román has established an extraordinary circumstance that would make appropriate for the Court to set aside the judgment entered against her, pursuant to FED. R. CIV. P. 60(b)(6).

**Conclusion:**

For the reasons state above, Rosario-Román's motion for reconsideration is hereby **DENIED.**

**SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of January, 2007.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge